UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Criminal Case No. 14-030 (BAH)<br>Judge Beryl A. Howell |
| **FLORENCE BIKUNDI,** | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is a renewed motion filed by the defendant, Florence Bikundi, to revoke the pre-trial detention order entered first by a Magistrate Judge and, following *de novo* review, by this Court, to impose conditions of release, pursuant to 18 U.S.C. § 3142. Def.'s Renewed Mot. Reconsid. Ord. Detention and Impose Conditions of Release ("Def.'s Mot.") at 1, ECF No. 30.  For the reasons set forth below, this motion is denied.

### I.   BACKGROUND

The facts of this case are explained in detail in this Court's previous Memorandum Opinion regarding the defendant's first motion for reconsideration of the detention order, *see United States v. Bikundi*, No. 14-030, 2014 WL 2761209, at *1 (D.D.C. June 18, 2014), and thus will be only briefly repeated here before addressing the events that have occurred since the entry of that Order.  Defendant Florence Bikundi was indicted on February 19, 2014, for one count of health care fraud, in violation of 18 U.S.C. § 1347; one count of Medicaid fraud, in violation of 42 U.S.C. § 1320a-7b(a)(3); four counts of laundering monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and three counts of engaging in monetary transaction with monies

1

derived from the specified unlawful activities of health care and Medicaid fraud, in violation of 18 U.S.C. § 1957.  Indictment ¶¶ 56–65, ECF No. 1.

According to the allegations in the Indictment, the defendant engaged in a massive fraud spanning almost seven years, from January 2008 until her arrest in 2014, to conceal her exclusion from participation in federal health care programs by using fraudulent forms and thereby obtain unauthorized Medicaid payments totaling over $75,000,000.  *See generally* Indictment.

Following her arrest on February 21, 2014, the defendant was ordered temporarily detained, at the government's request, by a Magistrate Judge.  Minute Entry, Feb. 21, 2014.  The government subsequently filed a Motion for Pretrial Detention of the defendant, pursuant to 18 U.S.C. §§ 3142(d)(1)(B), (e)(1), and (f)(2)(A), "because defendant Bikundi poses a serious flight risk and there is no release condition or combination of conditions that will reasonably assure her appearance in court as required."  Gov't Mot. for Pretrial Detention at 1, ECF No. 8.  The defendant did not oppose this motion and was, consequently, ordered by the Magistrate Judge to be held without bond pending trial.  Minute Entry, Feb. 25, 2014.

The defendant thereafter, on May 28, 2014, filed a Motion for Reconsideration of the Magistrate Judge's detention order.  *See* Def.'s Mot. Reconsid. Detention of Def. Florence Bikundi at 1, ECF No. 18.  After a hearing on the motion on June 16, 2014, the Court issued an oral ruling denying the defendant's motion without prejudice.  *See* Minute Entry, June 16, 2014.  A Memorandum Opinion setting forth the basis of that ruling in further detail was issued on June 18, 2014.  *See generally Bikundi*, 2014 WL 2761209.

The defendant and government counsel have, since June, engaged in "four months of ongoing discovery, pre-trial motion preparation and trial preparation."  Def.'s Mem. Supp.

Def.'s Mot. ("Def.'s Mem.") at 1, ECF No. 30-1.  Although the government indicated it would be filing a superseding indictment—and reiterated its commitment to do so at both hearings on the instant motion—no such indictment has yet been filed, due in part to ongoing plea negotiations.  *See* Gov't's Opp'n Def.'s Mot. ("Gov't's Opp'n.") at 3, ECF No. 31.

On October 28, 2014, the defendant filed the instant renewed motion for reconsideration, and the Court heard brief argument regarding the motion at a status conference held on October 31, 2014.  At the October 31 hearing, the government was granted additional time in which to file any additional evidence or information in support of its contention that no combination of conditions exist that provide a reasonable assurance that the defendant will appear for further hearings and trial.  *See* Gov't's Suppl. Mem. Opp'n Def. Florence Bikundi's Renewed Mot. Reconsider ("Gov't's Suppl. Mem.") at 1, ECF No. 32.  The Court heard further argument at a hearing on the defendant's Motion held November 6, 2014, after which decision on the Motion was reserved.

The following constitutes the finding of facts and statement of reasons required by 18 U.S.C. § 3142(i)(1).  *See United States v. Nwokoro*, 651 F.3d 108, 109 (D.C. Cir. 2011) (noting that Bail Reform Act requires pretrial detention order be supported by "a clear and legally sufficient basis for the court's determination" in written findings of fact and a written statement of the reasons for the detention or in "the transcription of a detention hearing") (quoting *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988)) (per curiam).

## II.   LEGAL STANDARD

A motion under 18 U.S.C. § 3145(b) for review of a Magistrate Judge's detention order requires that the Court review *de novo* whether conditions of release exist that "will reasonably assure the defendant's appearance in court or the safety of any other person or the community."

*United States v. Hassanshahi*, 989 F. Supp. 2d 110, 113 (D.D.C. 2013) (citing 18 U.S.C. § 3142(e)(1)). "'The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons.'" *United States v. Hubbard*, 962 F. Supp. 2d 212, 215 (D.D.C. 2013) (quoting *United States v. Sheffield*, 799 F. Supp. 2d 18, 20 (D.D.C. 2011)); *see also United States v. Hitselberger*, 909 F. Supp. 2d 4, 7 (D.D.C. 2012).

The Bail Reform Act requires release of a defendant prior to trial unless a judicial officer determines, after a hearing, that "no condition or combination of conditions will reasonably assure the appearance of the person[.]" 18 U.S.C. § 3142(e)(1). In determining whether any conditions of release will reasonably assure the appearance of the person as required, the court must "take into account the available information concerning" four factors set out in 18 U.S.C. § 3142(g). These factors are:

> "(1) the nature and circumstances of the offense charged, . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . ;
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

18 U.S.C. § 3142(g).

The government is required to demonstrate the appropriateness of pretrial detention because the defendant poses a risk of flight "by a preponderance of the evidence." *See United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); *United States v. Vortis*, 785 F.2d 327, 329 (D.C. Cir. 1986). "That preponderance must, of course, go to the ultimate issue: that no combination of conditions—either those set out in the Bail Reform Act itself or any others that the magistrate or judge might find useful—can 'reasonably' assure that the defendant will appear

4

for trial." *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) (citing 18 U.S.C. § 3142(c)).

A court may reconsider its decision regarding pretrial detention "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time and that has a material bearing on the issue" of whether there exist conditions for release that would "reasonably assure the appearance of such person as required." 18 U.S.C. § 3142(f)(2)(B); *accord United States v. Moore*, No. 13-330, 2014 WL 1273439, at *1 (D.D.C. Mar. 31, 2014).

### III.  DISCUSSION

At the outset, the defendant does not allege that there is any new information "that was not known to [her] at the time" of the initial hearing on pretrial detention or the subsequent reconsideration hearing in this Court.  *See generally* Def.'s Mem.  Aside from the passage of time, the defendant does not assert that anything of any substance has occurred since the defendant's last motion.  As the D.C. Circuit has noted, the mere passage of time, without a substantial change in the "underlying reasons for this court's prior decisions" regarding pretrial detention is generally not sufficient to warrant reconsiderations, particularly where, as here, a trial date has been set in the near future. *See United States v. Ali*, 534 F. App'x 1, 2 (D.C. Cir. 2013) (per curiam).[1]  To be sure, the fact that the defendant, who is presumed innocent, has now been held for nearly nine months pending trial is troubling.  No significant change in circumstances has occurred, however, since the Court last ruled on this issue such that reconsideration is warranted.  *See id.*  An evaluation of each of the four factors, under 18 U.S.C.

---

[1] Although the D.C. Circuit's decision not to publish a decision "means that the panel sees no precedential value in that disposition," D.C. Cir. R. 36(e)(2), such opinions may be cited "as precedent," D.C. Cir. R. 32.1(b)(1)(B), and, in any event, have persuasive value aside from any precedential value or lack thereof.  *See Verizon v. FCC*, No. 13-1220, 2014 WL 5487624, at *6 n.11 (D.C. Cir. Oct. 31, 2014) (finding previously unpublished opinion "persuasive" and adopting opinion explicitly as "precedent").

§ 3142(g), that must be considered in determining whether pretrial detention is warranted is set out below.

### A. Nature and Circumstances of the Charged Offenses

With respect to the nature and circumstances of the offense, the Indictment alleges that the defendant engaged in a massive fraud in which she and organizations she operated obtained over $75,000,000 in funds from the Medicaid program. *See generally* Indictment. These are serious felony offenses and, if convicted, the defendant faces a substantial period of incarceration. For example, if the defendant is convicted of the charged offenses, she would face up to twenty years' incarceration on the money laundering counts, under 18 U.S.C. § 1956(a)(1)(B)(ii). Counsel for the government indicated at oral argument that a superseding indictment could contain additional charges also carrying statutory penalties of up to twenty years imprisonment. *See* Hrg. Tr., Nov. 6, 2014 at 18:24–19:2 (government counsel stating "we believe that in a superseding [indictment the defendant will] face even more time because it would involve some twenty-year offenses as well . . . .").[2]

Conviction on the charged offenses would also result in a substantial advisory sentencing Guideline range under the U.S. Sentencing Commission Guidelines Manual ("U.S.S.G."). Specifically, assuming, *arguendo*, that the defendant has a Criminal History Category I,[3] her total offense level, absent any departures or mitigating circumstances, may reach 35, *see* U.S.S.G. §§ 2S1.1(a)(1); 2B1.1(a)(1), (b)(1)(M), (b)(7)(iii) (using a base offense level seven, plus twenty-four levels for the amount of the loss plus four levels for the amount of loss to the government for health care fraud), resulting in an advisory guideline range of 168 to 210 months'

---

[2] The parties have not requested formal transcripts from the court reporter. Accordingly, the Court relies on the court reporter's rough transcript of the November 6, 2014 hearing in this Memorandum Opinion.

[3] The defendant has prior convictions which may result in a higher Criminal History Category, but this review of the potential determination of the defendant's advisory guideline sentencing range is merely an estimate for purposes of evaluating the seriousness of the offense.

6

incarceration on the money laundering counts, s*ee* U.S.S.G. Sentencing Table, Zone D.  This considerable punishment gives the defendant "a substantial incentive to flee the United States." *United States v. Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) (finding detention appropriate for defendant facing stiff penalties for bribery and visa fraud); *United States v. Ali*, 793 F. Supp. 2d 386, 391 (D.D.C. 2011) (denying release pending trial and noting lengthy sentence that would accompany conviction was factor that increased flight risk of defendant); *see also United States v. Dupree*, 833 F. Supp. 2d 241, 253–54 (E.D.N.Y. 2011) (finding, in context of due process challenge to pretrial detention, bank fraud involving "millions of dollars" to be "serious charges" such that pretrial release not warranted).

Moreover, according to the description of the fraud scheme in the Indictment, the defendant allegedly had the sophistication to set up several companies, navigate the application process for those companies to obtain authorization for payments as a Medicaid provider, and then to funnel monies among multiple bank accounts to conceal the unlawful activity.  *See* Indictment ¶¶ 10–19.  The government has a valid basis for concern that "[t]he charges against the defendant, together with access to potentially significant amounts of financial resources, provide a strong incentive to flee the United States."  Gov't's Opp'n at 2 (citing *United States v. Anderson*, 384 F. Supp. 2d 32, 36 (D.D.C. 2005) (finding that no condition or combination of conditions would have reasonably assured the appearance of the defendant where the offenses "demonstrate substantial familiarity with the commercial and financial laws of other countries, sophistication in arranging international financial transactions and in moving money across borders, and a facility for concealing the existence and location of significant quantities of money and other assets")).

The defendant contends that she is being detained while "the Government . . . conduct[s] its investigation into other people and other crimes not charged in the current Indictment." Def.'s Mem. at 4. Even if the defendant is correct, however, the defendant does not dispute that the government has been diligently pursuing its existing case against the defendant herself, including engaging in substantial discovery and plea negotiations. *See* Gov't's Opp'n at 3.

The defendant also continues to contend that, despite the huge amount of fraud loss charged in the Indictment of "in excess of $75 million," Indictment ¶ 59(e), the charges hinge almost entirely on a single disputed fact: whether the defendant knew and had received notice that her nursing license had been revoked in Virginia and that she had been excluded by the Department of Health and Human Services from participation in Medicare, Medicaid and all Federal Health care programs. *See* Def.'s Mem. at 8. As this Court found previously, however, "this critical disputed fact does[ not] negate the seriousness of the offense." *Bikundi*, 2014 WL 2761209, at *3 (internal quotation marks omitted). Moreover, the fact that the government has not submitted any "new evidence to demonstrate that Ms. Bikundi had knowledge of [her] exclusion," Def.'s Mem. at 7, does not weigh in favor of release, since the evidence presented at the previous hearing was sufficiently "weighty" to continue to hold the defendant pending trial, *see Bikundi*, 2014 WL 2761209, at *3.

Thus, the defendant has not introduced any new evidence to warrant revisiting the Court's previous finding that the seriousness of the charges militates in favor of the defendant's continued detention.

### B. Weight of the Evidence Against the Defendant

The defendant contends that, with the benefit of the last four months of discovery, "the evidence weighs in favor of releasing Ms. Bikundi." Def.'s Mem. at 5. With respect to the

8

weight of the evidence against the defendant, a grand jury has returned an indictment establishing that probable cause exists to find that the defendant committed the charged offenses. *See generally* Indictment. The defendant challenges the weight of the evidence, contending that, contrary to the government's allegations, the millions of dollars in Medicaid reimbursements allegedly received by companies associated with the defendant were not fraudulent, but were instead used to pay for "business expenses, overhead, and salary," and reported on appropriate tax forms. *See* Def.'s Mem. at 5.

The defendant argues further that the "voluminous" discovery produced by the government contains "no direct evidence that [the defendant] knew she was excluded from participating in the Medicaid program." Def.'s Mem. at 8. Even if the defendant is correct on this point, the offense with which the defendant is charged that bears the highest statutory penalty is money laundering, for which the defendant's knowledge of her exclusion is not an element. *See* 18 U.S.C. § 1956(a)(1)(B)(i). The defendant has also failed to introduce any new evidence not already referenced regarding her previous motion for reconsideration about the strength of the government's documentary evidence. *See generally* Def.'s Mem.

Thus, the defendant has not introduced any new evidence to warrant revisiting the Court's previous finding that the strength of the government's evidence militates in favor of the defendant's continued detention.[4]

---

[4] At the October 31, 2014 Status Conference and at the hearing on the instant motion, the government alleged that blank "paper stock" for making fraudulent social security cards and other materials associated with false identifications were seized from the defendant's business. *See* Gov't's Notice Re. Nov. 6, 2014 Hrg. ("Gov't's Notice") at 1, ECF No. 33. In a subsequent notice to the Court, counsel for the government states that he "made efforts to locate the original documents referenced at the hearing," but was unable to locate the "blank paper stock." *See id.* at 1–2. Instead, the government notes that it was able to locate "three Social Security cards . . . found to contain a Social Security number assigned to an individual other than the person named on the card" and an apparently counterfeit District of Columbia nursing license. *See id.* at 2. Since the government asks the Court, "[o]ut of an abundance of caution . . . not to take into account any information regarding blank paper stock," in resolving the instant motion, and there is no evidence that the allegedly fraudulent Social Security cards and nursing

### C. History and Characteristics of the Defendant

With respect to the "history and characteristics of the [defendant]," the defendant points out that she has "not traveled, let alone lived outside of the United States in approximately 14 years," and has a number of relatives, including her parents, residing in this country. *See* Def.'s Mem. at 9–10. These ties to the United States generally, and to this area specifically, are substantial and would normally militate strongly in favor of release of the defendant.

In this case, however, the defendant's strong familial and community ties to the United States are undercut by three salient facts. First, the defendant is not a United States citizen and, as noted previously, "Immigration Customs and Enforcement ('ICE') has lodged an immigration detainer against her." *Bikundi*, 2014 WL 2761209, at *4. Thus, her release from detention in relation to this case would trigger potential confinement at an ICE facility pending an ICE detention hearing, which may or may not lead to her release into the community. *See id.*

Second, the government proffers that it has seized from the defendant, or the companies she controlled, only approximately $10.5 million, a fraction of the $75 million allegedly defrauded from the Medicaid program, Gov't's Opp'n at 4–5, and that the defendant and the defendant's family may have access to substantial monetary and real property interests in the United States and Cameroon not seized by the government, *see id.* at 5; Gov't's Suppl. Mem. at 2. The defendant challenges this proffer, noting that any bank accounts the defendant may have had access to in Cameroon have been frozen, *see* Def.'s Mem. at 9, a fact that the government concedes, *see* Gov't's Suppl. Mem. at 2. The defendant noted, however, at the hearing on the defendant's motion, that the defendant's husband has long-standing business interests in Cameroon.

---

license were located in close proximity to the defendant's work station, *see id.* at 1–2, this evidence is accorded no weight.

In addition, the government provided supplemental evidence that the defendant has a joint bank account with her husband in Cameroon, and other members of her family have bank accounts in that country. *See* Gov't's Suppl. Mem. Exs. 1–2, ECF Nos. 32-1, 32-2. Those accounts have been frozen by the Cameroonian bank that maintains them, but the bank and the defendant's family are in litigation in Cameroon over the propriety of the banks freezing the family accounts. *See* Gov't's Suppl. Mem. at 1–2. Moreover, the defendant's husband owns real property in Cameroon, some of which he has been attempting to develop for some time. *See id.* Exs. 3–5, ECF Nos. 32-3, 32-4, 32-5.

Overseas ties such as those proffered by the government, combined with a defendant's lack of legal status in this country militate strongly in favor of detention on grounds that the defendant presents a flight risk. *See Vo*, 978 F. Supp. 2d. at 45-46 (D.D.C. 2013) (finding defendant's experience living overseas and extensive assets overseas favored pretrial detention); *United States v. Sheikh*, 994 F. Supp. 2d 736, 742 (E.D.N.C. 2014) (finding defendant's extended family overseas and prior travel overseas weighed against pretrial release); *United States v. Fata*, No. 13-20600, 2013 U.S. Dist. LEXIS 149168, at *8–9 (E.D. Mich. Oct. 11, 2013) (finding pretrial release unwarranted where defendant accused of healthcare fraud had significant family ties to Lebanon and defendant's parents lived in a home in Lebanon purchased by defendant). The Court finds that the defendant has continuing significant foreign ties to her country of origin, including potential access to funds and assets located in Cameroon, and that this raises a significant concern about her serious risk of flight.

The defendant offers no new evidence regarding the defendant's previous convictions for identity fraud, *see Bikundi*, 2014 WL 2761209, at *5, aside from noting that the defendant appeared at all scheduled court hearings in those cases. *See* Def.'s Mem. at 11. This contention

11

bears little weight, since since the instant Indictment charges the defendant with more serious crimes, including multiple felonies that each carry substantial statutory penalties, as opposed to her prior misdemeanor offenses. *See* Def.'s Mem. at 10–11.

Thus, the defendant has not introduced any new evidence to warrant revisiting the Court's previous finding that the history and characteristics of the defendant militate in favor of her continued detention.

### D. The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by the Defendant's Release

Finally, as this Court found previously, the government does not contend, nor does the evidence support a finding, that the defendant would pose a danger to the community if released pending trial. *See Bikundi*, 2014 WL 2761209, at *5.

\*   \*   \*

Upon consideration of the evidence and arguments presented in connection with the pending motion, the factors set forth in 18 U.S.C. § 3142(g), and the possible release conditions set forth in § 3142(c), the Court finds that the government has established by a preponderance of the evidence that the defendant's pretrial release would pose a serious risk that she would flee. The defendant has presented no new evidence of any changed circumstances, aside from the passage of time, that would warrant revisiting this Court's prior ruling. *See United States v. Ali*, 534 F. App'x at 2.

## IV.    CONCLUSION

For the foregoing reasons, the defendant shall remain in the custody of the Attorney General for confinement in a corrections facility pending trial and the defendant's renewed motion is denied.

An appropriate Order accompanies this Memorandum Opinion.

**DATED:**  November 12, 2014

_____
BERYL A. HOWELL
United States District Judge