UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| v. | : | Case: 1:14-cr-00030-BAH |
| | : | |
| **FLORENCE BIKUNDI** | : | |
| | : | |

-----------------------------------------------

### FLORENCE BIKUNDI'S REPLY TO GOVERNMENT'S OPPOSITION TO FLORENCE BIKUNDI'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Florence Bikundi, through undersigned counsel, hereby submits this Reply to the Government's Opposition to her Motion for a Preliminary Order of Forfeiture and respectfully requests this Court reject the Government's proposal and arguments in their entirety.

## I.     INTRODUCTION

The Government would have this Court ignore the Constitution of the United States for procedural reasons. By ignoring the demands and limits of the Constitution, the Government defaults in the consideration of proportionality and excess that this Court must take into account. Mrs. Bikundi's analysis, on the other hand, is properly directed at the Government's failure to meet its burden of proving a nexus by a preponderance of the evidence, and at the fact that the forfeiture statutes would be unconstitutional as applied in this case, were the Court to accept the Government's proposal.

## II.     RELEVANCE OF THE UNDERLYING PROOF

The Government's opposition begins by objecting to Mrs. Bikundi's criticism of the case presented by the Government, and argues that the Court should prohibit a "relitigation" of her guilty verdicts. *See,* Government's Memorandum in Opposition to Florence Bikundi's Motion For Preliminary Order of Forfeiture, at 1 (Dkt. 435) ("Government's Opposition"). In this regard, the

1

Government misses the point of Mrs. Bikundi's arguments, and ignores the important considerations the Court must make at this phase.

The Parties agreed to submit proof for the forfeiture phase of this trial on papers, and that the Court may consider the evidence at trial, but they did not stipulate to the meaning of that evidence, the validity of the proof at trial, or that the government had already met its burden of proof at this phase. *See,* Second Joint Status Report On Forfeiture (Dkt. 401). Mrs. Bikundi continues to dispute the validity of the evidence presented against her at trial. That dispute and the meaning of the evidence are relevant to this proceeding for at least two important reasons.

First, the Government still bears a burden to prove a nexus between Mrs. Bikundi's own actions as applied to the the matters for which she was convicted, and the property the government seeks in its proposed Preliminary Order of Forfeiture. Therefore, Mrs. Bikundi appropriately argues to the Court that, just as the evidence presented at trial is insufficient to prove her guilt beyond a reasonable doubt, it is also insufficient to prove the required nexus between her own actions and the alleged criminal conduct, even by a preponderance standard.

It is the Government, therefore, that ignores its own burden and the need for them to address the serious flaws in the evidence against Mrs. Bikundi for each count, as that evidence is used by them to support their burden of proof at this stage. By relying only on the most deeply flawed evidence and witnesses in their Motion and Opposition, the Government highlights the difficulties they face in meeting that burden.

Second, as discussed more fully below, this Court has the obligation to consider the evidence of Mrs. Bikundi's own actions and the strength of the evidence of those actions in order to consider the constitutionality of any amount of forfeiture ordered in this case. Without taking a hard look at the evidence in this matter with regard to each attempted justification of forfeiture, the Court cannot make

the constitutionally mandated record by which to judge whether her Eighth Amendment rights were violated.

For both of these reasons, it is appropriate and necessary for the Court to consider Mrs. Bikundi's arguments regarding the government's flawed theories and proof of guilt in this case when considering whether to grant their request for a forfeiture penalty which amounts to a lifetime punishment of debt and obligation to the Government.

### III.     CONSTITUTIONAL CONSIDERATIONS ARE NECESSARY AND APPROPRIATE

Next the Government attempts to divert this Court from considering Mrs. Bikundi's rights because such concerns are not yet "ripe." Government's Opposition at 2. However, the very first case they cite, speaks of ripeness occurring when the challenged fine is "impending." *See, Id.* (citing *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995)("[Challenges under the Excessive Fines Clause are … generally not ripe until the actual, ***or impending***, imposition of the challenged fine." Emphasis supplied). Clearly arguments about the limitations on the amount of forfeiture are ripe when litigating the proposals for such amounts.

The Constitution of the United States and the rights afforded by it apply at all times and at all stages of litigation. It is absurd to suggest that the Court should ignore the constitutional limitations placed on the statutes and the amount of forfeiture while the Court is considering how to apply those statutes and what amount to find forfeitable, simply because those concerns can't be framed as a complaint. Instead, Mrs. Bikundi is proactively arguing how the determination of a forfeiture amount should be made, rather than biding her time and waiting to attack an action already taken.

When it comes to making a record and setting a forfeiture amount, it is clear that the Court must consider and make a record regarding the constitutional implications. The Supreme Court has made clear that the statutes and guidelines "cannot override the constitutional requirement of proportionality review." *United States v. Bajakajian*, 524 U.S. 321, n.14 (1998). Circuit courts have

3

found that the analysis of constitutionality is essential at the forfeiture stage.  Writing for a panel of the Second Circuit, then Judge Sotomayor explained that vacating an order of judgment in that case was necessary because the District Court did not make findings specifically with regard to whether the amount of forfeiture was proportional, or unconstitutionally excessive as applied to the facts and circumstances of that case. *See, United States v. Varrone,* 554 F.2d 327, 328-329 (2d Cir. 2009);  *See also, United States v. Taylor,* 13 F.3d 786, 790 (4th Cir. 1994)("Because the district court did not address whether forfeiture of the Taylor's residence would be excessive, we remand for the District Court to undertake this analysis in the first instance.")

Rather than ignoring the applicable statues, as the Government suggests, Mrs. Bikundi has simply acknowledged, as the Government refuses to do, that the Constitution supersedes the statutes when their application would yield unconstitutional results.  There is little reason to spend time repeating the statutes this Court understands so well when, in the end, it is the general proportionality and the application of the *Bajakajian* factors that must guide determination of a forfeiture amount in this case.  Therefore, it is the government, not Mrs. Bikundi, which is ignoring the most relevant considerations at this stage.

### IV.     THE COURT SHOULD CONSIDER THE BARSKY AFFIDAVIT

The Government attempts to dismiss Exhibit A to Mrs. Bikundi's Motion for a Proposed Order of Forfeiture (the "Barsky Affidavit") with broad attacks.  The Court should instead consider the Barsky Affidavit for the appropriate analysis of a certified professional that it clearly is.  In addition, the Court may consider the evidence contained in the affidavit and may consider the fact that Global did pay taxes, and that Global's income was never hidden from the IRS.

The Government's attempt to attack Mrs. Bikundi's failure to introduce tax returns fails on two grounds. First, as the parties stipulated, additional evidence in the form of documents or affidavits is appropriate at this phase of the proceeding.  Second, the Government knows very well that Mrs.

4

Bikundi sought to enter those tax returns at trial through a stipulation, but it was the Government who sought to keep them out.  Indeed the Government brought no tax charges and should not now seek to exclude or obfuscate legitimate exculpatory evidence regarding tax filings.

## V.     CONCLUSION

Throughout this proceeding the Government has sought to draw only the worst inferences from the piles of circumstantial or suspect evidence they have collected, while continually ignoring the many possible innocent or less culpable explanations that could be applied.  In its Motion and Opposition, the Government continues its attempt to ignore the most relevant considerations, and any theory, argument, or fact that serves to put Mrs. Bikundi or this matter in a more appropriate context.  Because Mrs. Bikundi has suggested the more appropriate considerations for resolution of this phase of the proceedings, and because the Government has ignored and attempted to deflect the relevant factors, Mrs. Bikundi respectfully asks this Court to reject the Government's entreaties and proposal in their entirety.

Dated:  February 1, 2016                                   Respectfully submitted,

/s/ William R. Martin
William R. Martin (# 465531)
Sasha Hodge-Wren (# 976342)
Miles & Stockbridge, P.C.
Washington, DC 20005
(202) 737-9600
billy.martin@martingitnerlaw.com

*Counsel for Florence Bikundi*