# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

FLORENCE BIKUNDI,

Defendant.

Criminal Action No. 14-30-1 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Pending before the Court is defendant Florence Bikundi's *pro se* Motion for Reconsideration of Compassionate Release Due to New Evidence ("Def.'s Mot."), ECF No. 659. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 653, was denied, on September 14, 2020, because defendant did not demonstrate that a reduction in her sentence was warranted upon consideration of the requisite factors in 18 U.S.C. § 3553(a). Memorandum Opinion & Order ("Mem. & Order") at 8, 11, ECF No. 658. Defendant now moves for reconsideration on two grounds: first, that the Court erred in determining that defendant made a misrepresentation in the request for sentence reduction form filed with the facility in which she is incarcerated and, second, that worsening COVID-19 conditions at her facility warrant compassionate release. Neither ground warrants reconsideration.

In resolving motions for compassionate release under 18 U.S.C. § 3852(c)(1)(A), the court may reduce a term of imprisonment only "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," *id.*, and upon making two findings: first, that "extraordinary and compelling reasons warrant such a reduction," *id*. § 3582(c)(1)(A)(i); and, second, "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.* § 3582(c)(1)(A)(ii). The applicable policy statement set out in

U.S.S.G. § 1B1.13, like the statutory requirements, provides that a reduction of a term of imprisonment may be warranted, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," *id*., and when "extraordinary and compelling reasons warrant the reduction," U.S.S.G. § 1B1.13(1)(A).  The policy statement also requires a determination that "the defendant is not a danger to the safety of any other person or the community."  U.S.S.G. § 1B1.13(2).  The government conceded in its briefing on defendant's motion for compassionate release that defendant's medical condition presented an extraordinary and compelling reason for a reduction, but nonetheless no reduction was determined to be appropriate in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).  Mem. & Order at 8-10.  Thus, defendant's motion for compassionate release was denied.  *Id.* at 11.

As to defendant's first argument for reconsideration, she contends that the government misstated, and the Court misinterpreted, what was written in the Request for Reduction In Sentence ("RIS") form she completed and submitted to the Warden of the Federal Correctional Institution at Hazelton ("FCI Hazelton"), Def.'s Mot. at 5, and that the denial of her motion for compassionate release was in part predicated on this misstatement.  Specifically, the RIS form poses the following four straight-forward questions under "1. Proposed Release Plan": "Where will you reside and with whom?"; "How will you support yourself?"; "Where will you receive medical treatment?"; and "How will you pay for medical treatment?"  Gov't's Opp'n to Def.'s Mot. for Compassionate Release, Ex. C at 3, ECF No. 656-3.  In response to the second question—"[h]ow will you support yourself?"—defendant answered, "I am a [r]egistered nurse by profession with lots of experience.  I also have a BA background from the University of Maryland, College Park.  I have lots of family members as well (doctors, pharmacists, nurses, etc.)."  *Id*.

Defendant says that her response to this question was not meant to indicate she planned to work as a nurse, but rather that she would, if released, be able to ensure that her medical needs were met. Def.'s Mot. at 4. She strains to read the second question as a "financial question" about "how inmates would pay for medical expenses if released from prison," *id*., explaining that her response 'was that [her] son and other family member had pledged to help [her] financially," *id*. This is revisionist history. Defendant's response clearly indicates that she would *support* herself as a registered nurse if she were released, and defendant is not licensed as a nurse in any jurisdiction. As the Court has previously noted, "lying about [her nursing credentials] is what resulted in her exclusion from participation in any federal health care program and thus underlies her conviction in this case." Mem. & Order at 9 (citing *United States v. Bikundi*, Crim. Case No. 14-30 (BAH), 2016 WL 912169, at *4 (D.D.C. Mar. 7, 2016)). Defendant made a similar argument regarding the government's interpretation of this statement in her initial motion for compassionate release, which the Court rejected. Mem. & Order at 9 n.5. Defendant presents no compelling reason to doubt that she made a misrepresentation on the form, which the Court properly considered in considering the 18 U.S.C. § 3553(a) factors.

Second, defendant alleges that a failure to take appropriate precautions to prevent the spread of COVID-19 has led to worsening conditions and an increase in the number of COVID-19 cases at FCI Hazelton, which puts her at greater risk. Def.'s Mot. at 5–7. According to defendant, inmates have not recently been provided with hand sanitizer, soap, or new masks, and that weekly temperature checks were stopped. *Id.* at 7. She further alleges that many of the guards do not wear masks. *Id.* Defendant believes that she is at heightened risk from the virus because she "experienc[ing] rapid heart palpitations." *Id.* at 8. The government responds by emphasizing the steps taken by the Warden at FCI Hazelton to help ensure inmate safety,

3

including suspension of out-of-cell time, as well as "mandatory screening and temperature checks for any inmate released from a housing unit[] and ordered meals to be served in the housing units." Gov't's Opp'n to Def.'s Mot. for Reconsideration ("Gov't's Opp'n") at 6-7, ECF No. 662. The government indicates that as of December 18, 2020, 24 inmates (out of over 1600) and 5 staff members had tested positive for COVID-19 at FCI Hazelton, Gov't's Opp'n at 7, though the website cited by the government now states that 162 inmates and 70 staff have tested positive for the virus to date, *COVID-19 Cases*, Federal Bureau of Prisons, http://www.bop.gov/coronavirus/ (last visited Jan. 22, 2021).

The Court does not take the risks posed by COVID-19 lightly, and the rising number of COVID-19 cases at FCI Hazelton is troubling and may indicate, as defendant suggests, lax enforcement of safety protocols to reduce the risk of viral transmission. Even assuming that worsening conditions at FCI Hazelton present a heightened risk to defendant, however, compassionate release would not be warranted. The § 3553(a) sentencing factors weigh heavily against a reduced sentence given defendant's role as "'the prime moving force behind' a fraud that bilked the District of Columbia's Medicaid program out of over $80 million." Mem. & Order at 8 (quoting Sentencing Hr'g Tr. at 168:22–23, ECF No. 563). Furthermore, "defendant was already given a significant departure from her guidelines-recommended sentence of 360 months to life imprisonment." *Id.* at 9. Reducing her already heavily-reduced sentence further "would not adequately reflect the seriousness of defendant's crime." *Id.*; *see also* 18 U.S.C. § 3553(a)(2)(A).

Defendant has not introduced any new evidence demonstrating that a reduction in her sentence to a comparatively short period of home confinement is warranted upon consideration of the factors in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.13. Accordingly, it is hereby

4

**ORDERED** that defendant's Motion for Reconsideration of Compassionate Release Due to New Evidence, ECF No. 659, is **DENIED.**

**SO ORDERED.**

Date: January 25, 2021

_____
BERYL A. HOWELL
Chief Judge