**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 14-30-1 (BAH) |
| FLORENCE BIKUNDI, | Chief Judge Beryl A. Howell |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Florence Bikundi has filed a *pro se* Motion for Reduction and Modification of

Sentence ("Def.'s Mot."), ECF No. 679, as supplemented by two letters to the Court, *see* Def.'s

Letter (Jan. 28, 2022) ("Def.'s January Letter"), ECF No. 680; Def.'s Letter (Mar. 4, 2022)

("Def.'s March Letter"), ECF No. 683.  She seeks a reduced sentence to time served, or

alternatively, a transfer to "home confinement to spend the remainder of her sentence," Def.'s

Mot. at 1, on the grounds that (1) the "inappropriate severity of her sentence . . . due solely to her

non-citizen status" amounts to extraordinary and compelling circumstances justifying release,

under 18 U.S.C. § 3582(c)(1)(A), *id.* at 3–8; (2) the Omicron variant of COVID-19 poses a risk

to her given her underlying obesity, Def.'s January Letter at 1–2; and (3) the Federal Bureau of

Prisons ("BOP") failed to award her earned time credits, under 18 U.S.C. § 3632(d)(4), which

would have reduced her sentence, Def.'s Mot. at 13–16.  The government opposes defendant's

motion.  *See* Gov't's Opp'n to Def.'s Mot. for Reduction and Modification of Sentence Pursuant

to the First Step Act ("Gov't's Opp'n"), ECF No. 684. [1]  Because none of these asserted grounds

provide a basis for the relief she seeks, defendant's motion is denied.

## I.       BACKGROUND

The evidence supporting defendant's conviction has been thoroughly detailed in multiple

previous opinions.  *See United States v. Bikundi*, No. 14-cr-30-1 (BAH), 2020 WL 5518465, at

*1–2 (D.D.C. Sept. 14, 2020); *United States v. Bikundi*, 926 F.3d 761, 773–76 (D.C. Cir. 2019);

*United States v. Bikundi*, No. 14-cr-30 (BAH), 2016 WL 912169, *1–19 (D.D.C. Mar. 7, 2016).

In short, defendant was convicted in 2014 for her role as "the prime moving force behind" a

massive Medicaid fraud involving a medical services company she owned.  *Bikundi*, 2020 WL

5518465, at *1 (quoting Sentencing Hr'g Tr. (June 1, 2016) at 168:22–23, ECF No. 563).

Specifically, the jury found her guilty of one count of conspiracy to commit health care fraud in

violation of 18 U.S.C. § 1349; three counts of health care fraud based on fraudulent billing

practices and her exclusion from participating in Medicaid programs, in violation of 18 U.S.C.

§ 1347 and 42 U.S.C. § 1320a-7b; one count of conspiracy to launder money, in violation of 18

U.S.C. § 1956(h); and seven counts of money laundering, in violation of 18 U.S.C.

§ 1956(a)(1)(B)(i).  Verdict Form at 1–4, ECF No. 360; *see also generally* Superseding

Indictment, ECF No. 44.[2]

In June 2016, defendant was sentenced to 120 months' (ten years') imprisonment,

followed by a term of 36 months of supervised release.  Judgement and Commitment at 3–4,

ECF No. 544.  She was also ordered to pay $80,620,929.20 in restitution, jointly and severally

---

[1]       Defendant filed no reply in support of her motion and the seven-day period to do so has since passed.  *See* D.D.C. LCrR 47(d) ("Within seven days after service of the memorandum in opposition the moving party may serve and file a reply memorandum.").

[2]       Defendant was found not guilty of three counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957.  Verdict Form at 5; Superseding Indictment at 1.

with her co-conspirators, *id*. at 5, and to forfeit $39,989,956.02 in assets, Preliminary Order of

Forfeiture ¶ 7, ECF No. 544-1.  In imposing this sentence, the Court departed downward by 13

offense levels from the applicable offense level under the U.S. Sentencing Guidelines of 42,

Sentencing Hr'g Tr. at 107:7–12, and corresponding sentencing range of 360 months to life

imprisonment, *id.* at 91:9–14.  The Court explained that it was departing downward so

dramatically because (1) the Guidelines produced an advisory range "beyond the term of

imprisonment that Congress determined was appropriate punishment" for defendant's offenses of

conviction, unless the Court were to impose consecutive sentences, *id.* at 101:23–25; (2) "some

of the beneficiaries received some benefits" from defendant's company, although "the level of

any legitimate benefits cannot be determined even to rebut the loss amount," *id.* at 103:4–7; and

(3) "the combination of multiple enhancements" under the Guidelines had "resulted in a piling-

on effect . . . because some of the enhancements applied addressed very similar and overlapping

considerations," *id.* at 105:23–106:5.  Although defense counsel asked the Court to take into

consideration the fact that "Mrs. Bikundi's status as a deportable alien is likely to cause a

fortuitous increase in severity of confinement," *id.* at 93:13–16 (citing *United States v. Smith*, 27

F.3d 649 (D.C. Cir. 1994)), the Court denied the request "given the other substantial departure"

of 13 offense levels "that the Court ha[d] already imposed," *id.* at 188:18–23.

Defendant has now served more than eight years of her 10-year sentence, and the BOP

calculates that, with good time credit, she will be released on August 28, 2022.  Gov't Opp'n at

3.  She is incarcerated in Federal Correctional Institution Hazelton ("FCI Hazelton").  *Id.* at 29.

On October 14, 2021, prior to filing the instant motion, defendant submitted a Request

for Administrative Remedy to her Unit Manager complaining that she "ha[d] been participating

in the First Step Act Programs but ha[d] not yet received any credits" and requesting that BOP

"award all her PATTERN earned credits so far."  Ex. 1, Def.'s Mot., Request for Administrative

Remedy at 1, ECF No. 679-1.  On November 15, 2021, the Acting Warden of defendant's

facility responded to defendant's request indicating that defendant was "not eligible for the pre-

release time credits" because she was "a citizen of Cameroon and [would] be deported from the

United States upon [her] release from federal custody."  Ex. 2, Def.'s Mot., Response to Request

for Administrative Remedy at 1.  On November 18, 2021, defendant appealed the Acting

Warden's denial to the BOP, asking BOP to "calculate her Earned Time Credits [] under the

[First Step Act] pursuant to 18 U.S.C. 3632(d)(4), (5) and 3624(g)" and submitting "exhibits and

affidavits to show that she [was] not subject to removal to Cameroon" because she had been

granted withholding of removal in 2005 based on the United Nations Convention Against

Torture implementing legislation.  Ex. 3, Def.'s Mot., Regional Administrative Remedy Appeal

at 1–2; *see also* Ex. 4, Def.'s Mot., Withholding of Removal Order at 1.  After waiting more than

thirty days since submitting her request to the Active Warden of her facility, as required under 18

U.S.C. § 3582(c)(1)(A), defendant filed the instant motion.

## II.     LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment

once it has been imposed;' but the rule of finality is subject to a few narrow exceptions."

*Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).  As

originally enacted, one such exception, codified in 18 U.S.C. § 3582(c)(1)(A), empowered the

BOP Director to petition the court to "reduce the term of imprisonment" and gave courts the

authority to grant those petitions if, "after considering the factors set forth in section 3553(a) to

the extent that they are applicable," *id.*, they found that "extraordinary and compelling reasons

warrant such a reduction."  Pub. L. No. 98-473, Title II, § 212(a)(2), 98 Stat. 1837.  The First

Step Act expanded the exception in section 3582(c)(1)(A) to authorize a defendant to file a

motion for such compassionate release directly with the court after exhausting any

"administrative rights to appeal a failure of the Bureau of Prisons to bring a [compassionate

release] motion" on her behalf or waiting at least "30 days" after she delivers her request for

compassionate release to "the warden of [her] facility."  18 U.S.C. § 3582(c)(1)(A).

In resolving motions for compassionate release, the court may only reduce a term of

imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that

they are applicable," *id.*, and upon finding that "extraordinary and compelling reasons warrant

such a reduction," *id.* § 3582(c)(1)(A)(i). [3]

## III.    DISCUSSION

Defendant moves for early release on three grounds.  First, she argues that the

"inappropriate severity of her sentence . . . due solely to her non-citizen status" amounts to

extraordinary and compelling circumstances justifying release, under 18 U.S.C. § 3582(c)(1)(A).

Def.'s Mot. at 3–8.  Second, she asserts that the Omicron variant of COVID-19 poses a risk to

her given her underlying obesity.  Def.'s January Letter at 1–2.  Finally, she argues that the BOP

unjustifiably failed to award her earned time credits, under 18 U.S.C. § 3632(d)(4), which would

have reduced her sentence.  *Id.* at 13–16.  Defendant failed to exhaust her administrative

remedies as to the first two grounds.  Defendant's third argument fails because such a claim must

be brought as a habeas petition, rather than a motion for compassionate release under 18 U.S.C. §

3582(c)(1)(A).

---

[3]      The Sentencing Commission's policy statement U.S.S.G. § 1B1.13, establishing requirements for BOP
motions for compassionate release, is "not applicable to compassionate release motions filed by defendants" under
the First Step Act, *United States v. Long*, 997 F.3d 342, 347 (D.C. Cir. 2021), and thus must not be treated as
"binding" in that context, *United States v. Johnson*, 858 Fed. Appx. 381, 384 (D.C. Cir. 2021).

Defendant's first two arguments for release—that the severity of her sentence because of her non-citizen status, and the threat of the Omicron variant of COVID-19 to her health because of her obesity, constitute extraordinary and compelling circumstances justifying her early release—are not properly before the Court.  As discussed in Section I *supra*, the request defendant submitted to the Active Warden of her facility on October 14, 2021, cites BOP's failure to award earned time credits under the First Step Act, but does not mention the threat of COVID-19 and her obesity, nor the severity of her sentence due to her non-citizen status.  *See* Request for Administrative Remedy at 1.  To satisfy Section 3582(c)'s exhaustion requirement, if an incarcerated person adds additional reasons for relief in a motion to the court that were not first included in an administrative request to BOP, "there must be a reasonable degree of overlap" in the basis on which relief is sought "between the administrative request and subsequent motion" to the court.  *United States v. Morales*, No. 06-cr-248-4 (JDB), 2021 WL 4622461, at *2 (D.D.C. Oct. 7, 2021).  Here, no such overlap in justification for the relief sought is demonstrated between the instant motion to the Court and defendant's administrative request to BOP.  Defendant never raised the issues of COVID-19 and the effect of her alienage on the severity of her sentence in the administrative request and thus, she has not satisfied Section 3582(c)'s exhaustion requirement.

Even if the exhaustion requirement were satisfied with regard to her first two grounds for relief, such grounds do not constitute extraordinary and compelling reasons warranting a reduction in sentence.  Regarding the COVID-19 pandemic, a general fear of contracting COVID-19 is insufficient to warrant compassionate release, especially for a defendant who is fully vaccinated, *see* Def.'s January Letter at 2, and whose only potential risk factor for COVID-19 is obesity, *see United States v. Clark*, No. 10-cr-133 (PLF), 2021 WL 5630795, at *3–4

6

(D.D.C. Dec. 1, 2021) (denying motion for compassionate release to defendant with "chronic kidney disease and obesity" who was "fully vaccinated against COVID-19").  As for defendant's claim that her alienage has increased the severity of her prison sentence, the Court previously considered defendant's non-citizen status, and the applicability of a downward departure or variance under *Smith* at the time of the original sentencing, and in fact imposed a sentence substantially below the applicable recommended Guidelines sentencing range, and expressly determined that a further departure downward under *Smith* was unwarranted.  *See* Sentencing Hr'g Tr. at 188:18 – 23; *see also* Section I *supra*.

Finally, defendant's third claim, seeking for BOP to calculate and apply earned time credits under 18 U.S.C. § 3632(d)(4), is not properly before the Court because "success on the merits" of this claim would "necessarily imply the invalidity of confinement or shorten its duration," and such a claim must be brought in habeas, rather than as a motion for sentence reduction under the compassionate release statute.  *See Davis v. U.S. Sent'g Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013). [4]  Even were the claim properly before the Court, the withholding of removal granted by an Immigration Judge to defendant in 2005, *see* Withholding of Removal Order at 1, renders defendant ineligible for earned time credits under section 3632(d)(4). Although 18 U.S.C. § 3632(d) provides that prisoners "who successfully complete[] evidence-based recidivism reduction programming or productive activities[] shall earn time credits" leading to their early release, *id.* § 3632(d)(4)(A), the statute explicitly exempts prisoners who are "subject to a final order of removal under any provision of the immigration laws," *id.* § 3632(d)(4)(E)(i).  Contrary to defendant's apparent understanding, *see* Def.'s Mot. at 8; Def.'s

---

[4]       Indeed, it appears that defendant has now sought such relief in the jurisdiction where she is incarcerated. *See* Petition for Writ of Habeas Corpus, *Bikundi v. McCaffrey*, No. 21-cv-204 (JPB) (N.D. W.Va. Dec. 13, 2021), ECF No. 1.

March Letter at 1–3, an order granting withholding of removal—such as the one to which she is

subject—constitutes a final order of removal, *see Thamotar v. U.S. Att'y General*, 1 F.4th 958,

967 (11th Cir. 2021), because "a removal order must precede any grant of withholding of

removal," *Matter of I.S. & C.S.*, 24 I. & N. Dec. 432, 433 (B.I.A. 2008), and because "a grant of

withholding does not prevent the [Department of Homeland Security] from removing an alien to

a country other than the one to which the removal was withheld," *id.* at 434 (citing 8 C.F.R.

§1208.16(f)).  *See also* Withholding of Removal Order at 1 (granting defendant's "application

for withholding of removal *to Cameroon*" (emphasis added)).  Thus, defendant is ineligible for

earned time credits under 18 U.S.C. § 3632(d)(4)(E) and BOP has not wrongfully withheld them

from her.

Finally, this Court has previously found that the Section 3553(a) factors do not weigh in

favor of reducing defendant's sentence.  *See Bikundi*, 2020 WL 5518465, at *5; *United States v.*

*Bikundi*, No. 14-cr-30-1 (BAH), 2021 WL 254068, at *2 (D.D.C. Jan. 25, 2021) (denying motion

for reconsideration of denial of compassionate release because "[r]educing her already heavily-

reduced sentence further 'would not adequately reflect the seriousness of defendant's crime'"

and where "[t]he § 3553(a) sentencing factors weigh heavily against a reduced sentence given

defendant's role as 'the prime moving force behind' a fraud that bilked the District of

Columbia's Medicaid program out of over $80 million'" and "defendant was already given a

significant departure from her guidelines-recommended sentence of 360 months to life

imprisonment" (quoting *Bikundi*, 2020 WL 5518465, at *5)).  Evidence of the post-sentencing

educational programming in which defendant has participated that she submitted in support of

the instant motion, *see* Exs. 5–7, Def.'s Mot., Evidence of Programming; Def.'s January Letter at

3–4, does not warrant a different outcome here.  Defendant has failed to establish extraordinary and compelling reasons warranting compassionate release.

## IV.     CONCLUSION AND ORDER

In sum, defendant has not demonstrated that a sentence reduction is either appropriate or warranted, under 18 U.S.C. §§ 3582(c)(1)(A) or 3632(d)(4).  Accordingly, it is hereby

**ORDERED** that the defendant's Motion for Reduction and Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 679, is **DENIED.**

**SO ORDERED.**

Date: May 9, 2022

_____
BERYL A. HOWELL
Chief Judge